UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 07-CV-12269
    HON. GEORGE CARAM STEEH

BANK OF AMERICA ACCOUNT
NUMBER XXXXXXX6055 IN THE NAME
OF LATEST TECHNOLOGY INTERNATIONAL
VALUED AT THREE HUNDRED FIFTY FOUR
THOUSAND ONE HUNDRED FORTY FOUR
DOLLARS AND FORTY FOUR CENTS
($354,144.44) IN U.S. CURRENCY,

    Defendant *in Rem*.

_____/

## ORDER DENYING CLAIMANT WADA'S MOTION TO DISMISS (# 8)

Claimant Hadiza Wada, appearing pro per, moves to dismiss this forfeiture action against $354,144.44 held in a Bank of America bank account in Bowie, Maryland in the name of Latest Technology International (LTI). Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

The government filed this in rem forfeiture action on May 25, 2007 alleging United States Secret Service (USSS) agents seized the Bank of America account on December 1, 2006 based on evidence that the funds in the account are traceable to wire fraud, 18 U.S.C. § 1343, subjecting the funds to forfeiture. The government alleges that the USSS Detroit Field Office was contacted on November 21, 2006 regarding a fraudulent e-mail

scheme resulting in victim Andrew DiMartino III wiring $13,595.00 from a Michigan bank account to LTI's Maryland account for the purpose of securing a $16.0 million inheritance. The government alleges two other fraud victims are situated in Florida and Arizona. On July 2, 2007, Hadiza Wada, as the owner of LTI, filed a claim with the court to the seized funds.

Wada initially moves to dismiss this lawsuit as untimely, arguing this matter was filed in district court more than 90 days after the LTI bank account was seized. Wada also moves to dismiss arguing the government has not "documented" its seizure and cannot prove its case by a preponderance of the evidence, referring to the allegations as "perjury." Wada further argues that this forfeiture action should be moved to the District of Columbia where she has filed a civil lawsuit of retaliatory financial harassment for her filing of a 2003 federal wrongful discharge lawsuit against her former federal employer the Broadcasting Board of Governors. Wada asserts that the government has demonstrated improper motives by filing this forfeiture action in Michigan relative to funds located in Maryland, and by incorporating alleged victims situated in Florida and Arizona. Wada challenges both subject matter jurisdiction and venue.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328,

330 (6th Cir. 1990). Where subject matter jurisdiction is challenged in a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists. Kinsey v. Kinsey, 98 F.Supp.2d 834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir.1996)).

### I. Statute of Limitations

A statute of limitations defense may be raised in a Rule 12(b) motion to dismiss where the time alleged in the complaint shows that the action was not brought within the statutory time period. Rauch, III v. Day and Night Manufacturing Co., 576 F.2d 697, 702 (6th Cir. 1978). If the asserted time-limitation defect does not appear on the face of the complaint, the court may treat a Rule 12(b) motion to dismiss as a motion for summary judgement under Rule 56. Id. Summary judgment is only appropriate under Rule 56 when, viewing the evidence in a light most favorable to the non-moving party, the evidence is so one-sided that the moving party must prevail as a matter of law. Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

Under the Civil Asset Forfeiture Reform Act of 2000, once served with proper notice, "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." 18 U.S.C. § 983(a)(2)(A).

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(c)(3)(A).

Wada proffers a January 25, 2007 letter from the USSS notifying her that the LTI account had been seized in a nonjudicial proceeding, and that she was required to file a claim of ownership with the USSS by March 1, 2007. Wada argues without supporting evidence that she filed her claim with the USSS on February 22, 2007, and therefore this judicial forfeiture action was untimely filed 92 days later on May 25, 2007. The government responds that Wada filed her claim on February 26, 2007, and this forfeiture action was timely filed 88 days later on May 25, 2007.

The forfeiture complaint does not contain allegations on its face showing that this lawsuit was not filed within the 90-day period of 18 U.S.C. § 983(c)(3)(A). Wada is not entitled to dismissal under Rule 12(b)(6) based on her statute of limitations defense. Rauch, III, 576 F.2d at 702; Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., 922 F.2d at 330. There is no record evidence demonstrating beyond reasonable dispute that Wada filed her claim on February 22, 2007, as opposed to on February 26, 2007. Rauch, III, 576 F.2d at 702; Amway Distributors, 323 F.3d at 390. Viewing the limited record evidence in a light most favorable to the government in resolving this motion as on summary judgment, Wada is not entitled to dismissal under Rule 56 because it remains possible for the government to prove that Wada filed her claim on February 26. 2007, and therefore this action was timely filed no later than 90 days later. Id; 18 U.S.C. § 983(c)(3)(A).

## II. Merits

Wada's unsupported arguments that the government has not "documented" its seizure, and cannot prove its case by a preponderance of the evidence, are conclusionary,

and fall well short of establishing that the government cannot prove a set of facts consistent with the complaint that would entitle the government to forfeiture relief. Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., 922 F.2d at 330. Wada's assertions of "perjury" are baseless and inflammatory. Wada is not entitled to dismissal on the merits. Id.

### III. Jurisdiction and Venue

Prior to 1992, district courts were held to lack in rem jurisdiction over property seized in another judicial district. See United States v. Floyd, No. 04-94-KSF, 2007 WL 316910, *1 (E.D. Ky. Jan. 30, 2007) (citing United States v. Contents of Accounts Nos. 3034504504 and 144-07143, 971 F.2d 974, 983 (3rd Cir. 1992) and United States v. 51 Pieces of Real Property, Roswell, N.M., 17 F.3d 1306, 1310 (10th Cir. 1994)). 28 U.S.C. § 1355 was amended in 1992, and now provides in pertinent part:

> (a) The district courts shall have original jurisdiction, exclusive of the Courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
>
> (b)(1) A forfeiture action or proceeding may be brought in –
>
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
>
> (B) any other district where venue of the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

28 U.S.C. § 1355(a), (b)(1). 28 U.S.C. § 1395(a-b) currently reads:

> (a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found.

> (b) A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found.

As here, "a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against the property may be filed under section 1355(b) of title 28, and may be executed in any district in which the property is found . . . ." 18 U.S.C. § 981(b)(3).

This court has subject matter jurisdiction over this forfeiture action as a district court for the district in which an alleged act or omission of wire fraud occurred. 28 U.S.C. § 1355(b)(1)(A). Venue is likewise proper here in the district where the forfeiture action accrued as a result of the alleged wire fraud. 28 U.S.C. § 1395(a). Filing this forfeiture action in Michigan simply does not implicate an improper governmental motive. Wada is not entitled to dismissal for lack of subject matter jurisdiction or improper venue. Conley, 355 U.S. at 45-46; G.M. Eng'r and Assoc., 922 F.2d at 330; Kinsey, 98 F.Supp.2d at 835.

Consistent with 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(a-b), the government concedes that federal subject matter jurisdiction and proper venue also exists in the District Court for the District of Columbia where Wada presumably resides and the seized LTI bank account may be found. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking a transfer of venue bears the burden of demonstrating by a preponderance of evidence that fairness and practicality strongly favor a transfer of venue to a different forum. Thomas v. Home Depot, U.S.A., Inc., 131 F. Supp.2d 934, 936 (E.D. Mich. 2001). Factors to be considered include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative

ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interests of justice. Grand Kensington, L.L.C. v. Burger King Corp., 81 F.Supp.2d 834, 836 (E.D. Mich. 2000).

Wada has failed to address the appropriate factors, and has not demonstrated by a preponderance of the evidence that fairness and practicality strongly favor a transfer of venue to the United States District Court for the District of Columbia. Accordingly, her request for a transfer of venue is without merit.

### IV. Conclusion

For the reasons set forth above, claimant Hadiza Wada's motion to dismiss is hereby DENIED.

SO ORDERED.

Dated: December 20, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 20, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---