UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

    Case No. 07-12269
    HON. GEORGE CARAM STEEH

BANK OF AMERICA ACCOUNT NUMBER
XXXXXXXX6055 IN THE NAME OF LATEST
TECHNOLOGY INTERNATIONAL VALUED AT
THREE HUNDRED FIFTY FOUR THOUSAND
ONE HUNDRED FORTY FOUR DOLLARS
AND FORTY FOUR CENTS ($354,144.44) IN U.S.
CURRENCY,

    Defendant *in Rem*.

_____/

<u>ORDER DENYING MOTION TO DISMISS CONSTRUED IN PART AS A MOTION FOR
RECONSIDERATION [#34] AND DENYING SUPPLEMENTAL MOTION TO COMPEL
TIMELY EVIDENTIARY EXCHANGE</u> [#37]

Claimant Hadiza Wada, appearing *pro per*, moves to compel timely evidentiary exchange and to dismiss this forfeiture action against $354,144.44 held in a Bank of America bank account in Bowie, Maryland in the name of Latest Technology International (LTI). Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

The government filed this *in rem* forfeiture action on May 25, 2007 alleging United States Secret Service (USSS) agents seized the Bank of America account on December

-1-

1, 2006 based on evidence that the funds in the account are traceable to wire fraud, 18 U.S.C. § 1343, subjecting the funds to forfeiture. The government alleges that the USSS Detroit Field Office was contacted on November 21, 2006 regarding a fraudulent e-mail scheme resulting in victim Andrew DiMartino III wiring $13,595.00 from a Michigan bank account to LTI's Maryland account for the purpose of securing a $16,000,000.00 inheritance. The government alleges two other fraud victims are situated in Florida and Arizona. On July 2, 2007, Hadiza Wada, as the owner of LTI, filed a claim with the court to the seized funds.

On November 24, 2009, a panel of the Sixth Circuit Court of Appeals vacated this court's default judgment/order of forfeiture with instructions that this court conduct a hearing on the issue of the timeliness of the government's complaint under 18 U.S.C. § 983(a)(2)(A), and if the court determined the government untimely filed its complaint, whether it made a sufficient showing of cause to excuse its untimely filing. After a hearing on April 22, 2010, this court entered an order concluding that while the government filed its complaint untimely, it had demonstrated good cause to excuse its delay in filing the complaint. Dkt. No. 33. Additionally, on the same date, the court entered a scheduling order setting forth the following dates:

| | |
|---|---|
| Discovery cut-off | September 30, 2010 |
| Dispositive motions due: | November 1, 2010 |
| Final Pretrial Order due: | February 1, 2011 |
| Final Pretrial Conference: | February 7, 2011 |
| Trial date: | February 14, 2011. |

Dkt. No. 32.

Wada raises two arguments in support of her motion to dismiss: (1) that the government filed its complaint untimely as the complaint in this matter was filed more than ninety days from the date Wada filed her claim with the USSS; and (2) the government has not provided her any discovery so that she may prepare her defense to the seizure of the funds in the LTI account. The Government filed its response to Wada's motion to dismiss on June 18, 2010. Wada's motion to dismiss is without merit and is denied.

As to Wada's argument relating to the timeliness of the government's complaint, her arguments have already been raised and addressed by the court. The court will therefore construe this portion of her motion to dismiss as a motion for reconsideration of this court's April 22, 2010 order finding that the government established good cause to excuse the delay in filing suit. In analyzing a motion for reconsideration, the court is guided by the standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provide that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only *demonstrate a palpable defect* by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3) (emphasis added). Wada's presentation of the same timeliness issue with the same arguments in support thereof does not demonstrate a palpable defect by which this court has been misled the correction of which will result in a different disposition of the case. Therefore, plaintiff's motion to dismiss construed as a 'motion to reconsider in part' is denied.

As to Wada's argument that the government has failed to provide her with the

discovery in this matter, this argument similarly does not warrant dismissal of this action. Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp.*, 922 F.2d 328, 330 (6th Cir. 1990). The factual allegations set forth in the government's complaint do not establish beyond doubt that the government can prove no set of facts to supports its claim that the defendant's currency is subject to forfeiture. Additionally, Wada's argument fails because the government is thus far compliant with this court's scheduling order. The government, as well as Wada, have until September 1, 2010 to exchange discovery material.

As to Wada's supplemental motion to compel timely evidentiary exchange, the court denies this motion as moot. As mentioned above, the government has not been untimely in exchanging its discovery with Wada. Trial in this matter is set for February 14, 2011, which provides Wada ample time to prepare her defense as she will have had the discovery material no later than September 1, 2010, or earlier, as the government indicates it is making every effort to provide her with the "several thousand pages" of discovery in this matter as quickly as possible.

Accordingly,

Wada's motion to dismiss is DENIED.

Wada's supplemental motion to compel timely evidentiary exchange is DENIED.

SO ORDERED.

Dated:

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE