UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 07-12269
HON. GEORGE CARAM STEEH

BANK OF AMERICA ACCOUNT NUMBER
XXXXXXXX6055 IN THE NAME OF LATEST
TECHNOLOGY INTERNATIONAL VALUED AT
THREE HUNDRED FIFTY FOUR THOUSAND
ONE HUNDRED FORTY FOUR DOLLARS
AND FORTY FOUR CENTS ($354,144.44) IN U.S.
CURRENCY,

    Defendant *in Rem*.

_____/

<u>ORDER DENYING CLAIMANT'S MOTION AGAINST PLAINTIFF'S CONTINUOUS VIOLATIONS [#41], DENYING CLAIMANT'S MOTION FOR FORMAL INVESTIGATION INTO THE MERITS OF THE CLAIMS AND THE STATEMENTS AND CLAIMS OF ANDREW DI MARTINO, III [# 44] AND GRANTING CLAIMANT'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY [#43]</u>

Before the court are the following motions, filed by claimant Hadiza Wada, appearing *pro per*: (1) motion against plaintiff's continuous violations; (2) motion for formal investigation into the merits of the claims and the statements and claims of Andrew DiMartino, III; and (3) motion for extension of time. The government has filed responses to claimant's motions. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

The government filed this *in rem* forfeiture action on May 25, 2007 alleging United

-1-

States Secret Service (USSS) agents seized the Bank of America account on December 1, 2006 based on evidence that the funds in the account are traceable to wire fraud, 18 U.S.C. § 1343, subjecting the funds to forfeiture. On July 2, 2007, Hadiza Wada, as the owner of the bank account, filed a claim with the court to the seized funds.

Claimant argues that the government continues to engage in violations of procedure, that her deposition was scheduled without consulting with her first to ascertain her availability, her deposition requests have been ignored, she has been barred access to alleged victim Andrew Dimartino, III and his father, and has not received all the discovery materials. Claimant further argues that the documents she has received are not systematized, indexed, informatively tabbed, and did not contain any qualifying identification of the significance of the documents.

The government responds that claimant was sent a notice of deposition along with discovery requests. After claimant informed the government that she could not attend the deposition on the date noticed, the government cancelled the deposition and asked for alternate dates and times. The government indicates it is still waiting for claimant's response to its request for alternate dates. Claimant has failed to apprise the court of any violations committed by the government in noticing claimant's deposition. See Fed. R. Civ. P. 30.

The government further indicates that claimant, along with her discovery requests, has provided a list of individuals she would like to depose. Claimant may not proceed with taking depositions in this manner, which is not in accordance with Federal Rules of Civil Procedure 30 and 45. It is not the government's nor the court's responsibility to assist claimant in gathering discovery. It is also true that neither the government, nor the court

are required to inform claimant as to the significance or relevance of the documents she has received from the government. Claimant filed this action contesting forfeiture of the funds in her business' account and it is her responsibility to engage in discovery and to present her arguments at the trial in this matter. Therefore, claimant's motion against plaintiff's continuous violations is denied.

As for claimant's motion for formal investigation into the merits of the claims and the statements and claims of Andrew DiMartino, III, this motion is likewise denied as without merit. As previously noted, it is claimant's responsibility to engage in discovery. She must comply with the Federal Rules of Civil Procedure and arrange for the deposition of Mr. DiMartino, III and his father or any other individuals she believes has information bearing on this action. Claimant's request for an investigation by the Department of Justice and the Civil Rights Division is denied. To the extent claimant raises arguments that the funds in her business' account are not subject to forfeiture, such arguments are premature as trial in this matter is set for February 14, 2011.

Claimant has also filed a motion for extension of time for discovery. Claimant seeks an additional sixty (60) days to complete the discovery process. The government indicates that it agrees to the extension of the discovery deadline. Therefore, discovery cut-off will be extended from September 30, 2010 to November 30, 2010.

Accordingly,

Claimant's motion against plaintiff's continuous violations is DENIED.

Claimant's motion for formal investigation into the merits of the claims and the statements and claims of Andrew DiMartino, III is DENIED.

Claimant's motion for extension of time to complete discovery is GRANTED.

Discovery cut-off is November 30, 2010.

SO ORDERED.


Dated: October 5, 2010

          S/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---