UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 07-12269
HON. GEORGE CARAM STEEH

BANK OF AMERICA ACCOUNT NUMBER
XXXXXXXX6055 IN THE NAME OF LATEST
TECHNOLOGY INTERNATIONAL VALUED AT
THREE HUNDRED FIFTY FOUR THOUSAND
ONE HUNDRED FORTY FOUR DOLLARS
AND FORTY FOUR CENTS ($354,144.44) IN U.S.
CURRENCY,

    Defendant *in Rem*.

_____/

<u>ORDER GRANTING CLAIMANT'S REQUEST FOR TRIAL BY JURY AND
CLAIMAINT'S REQUEST TO CHANGE TRIAL DATE [#47] AND CLAIMANT'S MOTION
FOR EXTENSION OF DISCOVERY [#50] AND DENYING CLAIMANT'S RENEWED
MOTION FOR FORMAL REVIEW INTO THE MERITS AND PARTICULARITIES OF
THE CLAIMS IN THIS CASE [#48] AND GRANTING THE GOVERNMENT'S MOTION
FOR STATUS CONFERENCE [#52]</u>

On November 12, 2010, claimant, Hadiza Wada, proceeding *pro se*, filed a request for trial by jury and request for change of trial date. Also on November 12, 2010, claimant filed a renewed motion for formal review into the merits and particularities of the claims in this case. The government filed a combined response to claimant's request for change of trial date, and renewed motion for a formal review on November 29, 2010. Claimant also

-1-

filed a motion for extension of time to complete discovery on December 1, 2010.[1]  On December 17, 2010, the government filed a motion for status conference.

The government responds that it agrees to an extension of the discovery deadline, and requests that the discovery period be extended for ninety (90) days. Claimant requests a six week extension to conduct discovery. Further, the government indicates that it does not object to adjourning the trial date to May of 2011 as requested by claimant, with the condition that discovery is complete and the government has had an opportunity to file a motion for summary judgment.  Lastly, the government stipulates to claimant's request for trial by jury.

The government maintains that claimant has failed to comply with the government's discovery requests and has failed to make herself available for a deposition because of the 500 mile distance she lives from the district.  In an effort to resolve some of the outstanding discovery issues in this matter, the government has filed a motion for status conference by telephone.  The government asserts that the court's guidance with respect to conducting depositions and the parties' responsibilities relative to the discovery process will assist with the resolution of pending discovery matters.  Therefore, the court grants the government's motion for status conference.  The status conference will be held on <u>Wednesday, January 5, 2010 at 3:00 p.m.</u>  The court will provide the new discovery cut-off date, dispositive motion cut-off date, final pretrial conference date and trial date at the conclusion of the status conference.

---

[1] While the government has not filed a response to claimant's motion, it did address claimant's request for more time to conduct discovery in the combined response filed on November 29, 2010.

As to claimant's renewed motion for a formal review into the merits and peculiarities of the claims in this case, which raises the same arguments previously reviewed and rejected by the court. On September 14, 2010, claimant filed a similar motion and the court denied claimant's motion on October 5, 2010 as lacking merit. First, claimant's motion is untimely. Under Local Rule 7.1(h), a motion for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The court denied claimant's motion for formal investigation into the merits of the claims and statements and claims of Andrew DiMartino, III on October 5, 2010. Therefore, claimant's present renewed motion for a formal review into the merits and peculiarities of the claims in this case, filed on November 12, 2010 is untimely. In any event, had claimant's motion been timely filed, she would not be entitled to relief. Local Rule 7.1(h)(3) provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3). Claimant has failed to demonstrate a palpable defect by which this court has been misled, the correction of which will result in a different disposition of this case. This court has no authority to order the Department of Justice to conduct an investigation into this matter.

Accordingly,

Claimant's request for trial by jury is GRANTED.

Claimant's request for change of trial date is GRANTED.

Claimant's motion for extension of time to complete discovery is GRANTED.

The government's motion for status conference by telephone is GRANTED. The

telephonic status conference shall be held on Wednesday, January 5, 2010 at 3:00 p.m. The government shall initiate the conference call. A new discovery cut-off date, dispositive motion cut-off date, final pretrial conference date and trial date shall be provided during the status conference.

Claimant's renewed motion for formal review into the merits and particularities of the claims in this case is DENIED.

SO ORDERED.

Dated: December 22, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 22, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk